**Maqbool BUTT, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

No. 05–6214–ag.

United States Court of Appeals, Second Circuit.

May 1, 2008.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Bruno Joseph Bembi, New York, NY, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the January 14, 2008 due date specified in the scheduling order issued on December 12, 2007, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Maqbool Butt, a native and citizen of Pakistan, seeks review of the October 25, 2005 order of the BIA denying his motion to remand and affirming the April 29, 1999 decision of Immigration Judge ("IJ") Charles Sanders denying Butt's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Maqbool Butt, No. A70 580 970 (B.I.A. Oct. 25, 2005), aff'g No. A70 580 970 (Immig. Ct. N.Y. City Apr. 29, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, we review the IJ's decision, minus those arguments for denying relief that were rejected by the BIA. Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir.2005). In addition, where the BIA does not adopt or defer to the IJ's finding on credibility, we may not rest our holding on the IJ's credibility findings. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA declined to reach the IJ's

finding that Butt was not credible, but otherwise affirmed the decision in all respects. Therefore, we review the IJ's decision as supplemented and modified by the BIA, minus the IJ's finding that Butt was not credible. See Xue Hong Yang, 426 F.3d at 522; Yan Chen, 417 F.3d at 271.

We defer to the BIA's rule on corroboration: "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." Diallo v. INS, 232 F.3d 279, 285–86 (2d Cir.2000) (citing 8 C.F.R. §§ 208.13(a), 208.16(b)). According to the BIA, specific documentary corroboration is required only for "material facts which are central to [the applicant's] claim and easily subject to verification, such as evidence of his or her place of birth, media accounts of large demonstrations, evidence of a publicly held office, or documentation of medical treatment." In re S–M–J–, 21 I. & N. Dec. 722, 725 (BIA 1997); Diallo, 232 F.3d at 288. The agency's determination that a particular piece of corroborating evidence is available to the applicant (and thus whether it should "reasonably be expected") is a finding of fact to which this Court defers under the substantial evidence standard. See Kyaw Zwar Tun v. INS, 445 F.3d 554, 563, 568 (2d Cir.2006). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." Diallo, 232 F.3d at 290.

Here, the BIA concluded that Butt failed to meet his burden of proof in this

case because he failed to present corroborating documentation that was both relevant and reasonably available. *See Diallo,* 232 F.3d at 285–86. This was not error. The criminal allegations against Butt as well as his involvement with the Pakistan Peoples Party were materially relevant to his claims, *S–M–J–,* 21 I. & N. Dec. at 725; however, Butt failed to provide corroborating evidence of these aspects of his testimony. The BIA's determination that these documents were reasonably available to him was supported by substantial evidence; indeed, Butt conceded that the documents could be obtained. *See Kyaw Zwar Tun,* 445 F.3d at 563, 568. Therefore, Butt failed to meet his burden of proving his eligibility for asylum. *Diallo,* 232 F.3d at 285–86. Furthermore, because Butt was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

■ Although Butt further argues that he has met his burden of proof regarding CAT relief, he points to no evidence that someone in his particular circumstances will more likely than not face torture in Pakistan. Accordingly, the agency's denial of CAT relief was proper. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

■ Lastly, the BIA properly denied Butt's motion to remand based on his pending adjustment of status application. The BIA correctly stated that Butt failed to provide any evidence that his visa application had been approved. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Matter of Coelho,* 20 I. & N. Dec. 464, 472–73 (BIA 1992). Therefore, the BIA did not abuse its discretion in denying his motion to remand. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).